# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CAINE J. WILLE,

        Plaintiff,

        v.                           Case No. 13-CV-691

WISCONSIN SECURE PROGRAM FACILITY,
NICOLE NELSON, SGT. SCULLI,
and SGT. MATTI,

        Defendants.

---

## ORDER

Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $10.96.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was incarcerated at Wisconsin Secure Program Facility (WSPF) at all times relevant. He is suing Sergeant Richard Matti, Sergeant Scullion, and Officer Nichole Nelson.

According to the amended complaint, plaintiff knew defendants Matti and Nelson prior to his incarceration. Plaintiff alleges that he was involved in criminal activities with defendant Matti's son, and that he "smoked weed and partied with defendant Matti." (Compl. at 2.) He further alleges that he had a sexual relationship with defendant Nelson and knew that she sold drugs and broke into houses with defendant Matti's son. Id.

In December 2012, plaintiff was informed that he would be transferred from Stanley Correctional Institution (SCI) to WSPF. He knew that defendants Matti and Nelson worked at WSPF and he informed SCI administration of his background with those defendants. Despite this, on February 19, 2013, plaintiff was transferred to WSPF. Upon arrival in

3

general population, defendants Matti and Officer Pelke identified plaintiff, and he was placed in temporary lock-up awaiting transfer out of WSPF.

While in temporary lock-up, defendant Nelson learned of plaintiff's presence there. On February 23, 2013, defendants Nelson and Scullion took plaintiff from his cell to the unit's Health Services room, which was not monitored by cameras. Defendant Scullion warned plaintiff and his family not to cause any problems by talking about what he knew about staff. Defendant Nelson said she was transferring out of WSPF the following day. Then, she performed oral sex on plaintiff while defendant Scullion held plaintiff's shoulders. Scullion then inserted something – either a finger or his radio's rubber antennae – into plaintiff's anus, and said it was part of the procedure. He also said he would tell plaintiff's friends and family what happened if he ever talked about staff members' backgrounds again.

Plaintiff claims that defendants' actions were retaliatory and that they violated his rights under the Eighth Amendment. He seeks compensatory and punitive damages.

Plaintiff may proceed on his sexual assault allegations against defendants Scullion and Nelson. See Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012). At this stage, he may also proceed on a claim that Scullion and Nelson retaliated against him for complaining about his transfer to WSPF based on his history with some of the guards there. See Watkins v. Kasper, 599 F.3d 791, 794 (7th Cir. 2010; Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). The complaint allegations against defendant Matti reveal that he took steps to facilitate plaintiff's transfer out of WSPF. Thus, plaintiff may not proceed on a claim against Matti, and he will be dismissed.

4

## Motion to Appoint Counsel

Plaintiff has filed a request for counsel. He asserts that a jailhouse lawyer has prepared his filing thus far. According to plaintiff, he has ADHD and, as a result, lacks the ability to concentrate on one topic and communicate clearly. In addition, he is being treated for depression and a sleep disorder. Plaintiff also has no familiarity with federal litigation.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. Despite his stated troubles with communication, I am not convinced that he needs an attorney at this time. The claims in this case are not complex. Moreover, there is no indication that plaintiff will be unable to receive further assistance if needed. Thus, plaintiff's motion will be denied without prejudice.

5

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay initial partial filing fee (Docket 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Docket 10) is **GRANTED**. The proposed amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket 12) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Sergeant Richard Matti is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $339.04 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

6

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Prorgram, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.  The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2013.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge