# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAINE J. WILLE,

        Plaintiff,

    v.                                      Case No. 13-CV-691

NICOLE NELSON and SGT. SCULLI,

        Defendants.

## DECISION AND ORDER

Plaintiff is a Wisconsin Department of Corrections (DOC) inmate incarcerated at Waupun Correctional Institution (WCI). On August 28, 2013, I screened his civil rights amended complaint pursuant to 28 U.S.C. § 1915A and granted plaintiff's petition for leave to proceed in forma pauperis on claims that defendants sexually assaulted and retaliated against him while he was incarcerated at Wisconsin Secure Program Facility. Since that time, plaintiff has filed many motions, which will be addressed herein. The November 27, 2013, Scheduling Order sets deadlines for the completion of discovery and for filing dispositive motions at February 28, 2014, and April 4, 2014, respectively.

Plaintiff has filed a motion in support of all affidavits (Doc. 22) in which he requests that the court carry out and execute all affidavits to prove his claims. The meaning of this motion is not entirely clear. In any case, it is not the court's role to carry out and execute affidavits for plaintiff in this civil case. Rather, plaintiff may proceed with discovery as set forth in the Scheduling Order.

Plaintiff is advised that the way to obtain information during the course of this action is to make discovery requests of the defendants and not from the court. Rules 26 through

37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. Plaintiff is advised that he should send his discovery requests to the appropriate defendant's attorney.

The court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents. Then, the other party may file a motion to compel discovery with the court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before filing a motion to compel discovery. The motion should describe these efforts. See Fed. R. Civ. P 37(a); Civil L. R. 37 (E.D. Wis.).[1]

Plaintiff has filed a motion to cease harassment (Doc. 23). He asserts that he has been subjected to five unwarranted strip searches at WCI between March 2013 and July 3, 2013. Plaintiff believes the strip searches were retaliatory and bordering on sexual harassment. However, plaintiff's allegations do not implicate the defendants and are not related to the claims upon which he is proceeding in this case. Hence, court action related to these allegations would be improper.

Plaintiff has filed a motion to deny A.A.G. his medical and psychological files because they are not relevant to his claims (Doc. 39). He has also filed a motion to suppress all medical/psychological information against him (Doc. 42). Plaintiff contends that the information is not relevant and that if not suppressed DOC employees would falsify information. However, this matter is not properly before the court because defendants

---

[1] Plaintiff will be sent pro se guide, Answers to Prisoner Litigants Common Questions, along with this Decision and Order.

2

have not filed a motion to compel plaintiff to sign an authorization regarding release of any medical files. Hence, court action would be premature.

Plaintiff has filed a motion to declare a mistrial (Doc. 40). He asserts that Kris DeYoung attempted to talk him into signing a medical release form so plaintiff's enemies within the DOC could make up lies about him. Plaintiff believes that Kris DeYoung is attempting to sabotage his federal case. He believes that Mr. DeYoung is related to a Norm DeYoung of Grant County who was a witness against plaintiff in Williams v. Wille, Grant County Case Number 12-CV-360, and that the two DeYoungs conspired to sabotage plaintiff on both cases. Again, plaintiff's issue with Kris DeYoung is not relevant to his claims. In any event, plaintiff's request for relief is inappropriate because there has not been a trial in this case.

Plaintiff has filed a motion to commence discovery (Doc. 43). Discovery has commenced pursuant to the court's November 27, 2013, Scheduling Order. Thus, this motion is moot.

Plaintiff has filed a motion for order dismissing this case with prejudice based on defendants' failure to file an answer (Doc. 50). However, defendants filed a timely answer on October 25, 2013.

Plaintiff has filed a motion for an injunction to preserve all evidence, staff misconduct, racism, work rule violations, video surveillance, supervising reports, and his pleas to avoid confrontation with Wisconsin Secure Program Facility (WSPF) staff (Doc. 64). Here, there is no indication that WSPF staff have taken any adverse action related to discovery relevant to this case. Plaintiff's speculation on this issue does not justify court action. Rather, plaintiff may proceed with discovery as set forth herein.

3

Plaintiff has filed a motion for injunction holding plaintiff to the idea that his statements to the administration are truthful and reliable (Doc. 66). The meaning of this motion is not entirely clear. In any event, the court will consider plaintiff's sworn statements in this case to be truthful, consistent with the Federal Rules of Civil Procedure.

Plaintiff has filed a motion to appoint counsel (Doc. 69). He asserts that he has extremely limited access to the law library because he is in segregation. Plaintiff also asserts that the issues in this case are complex, he has limited knowledge of the law, and that he tried to find an attorney on his own. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

I previously considered plaintiff's request for pro bono counsel on August 28, 2013. Consistent with the reasoning in that order, I find that plaintiff may proceed on his own at this time. Contrary to his assertions that the case is complex, plaintiff is proceeding on narrow claims against two defendants. Moreover, despite plaintiff's limited access to the

4

law library, he is in no way hindered from litigating this case, based on the sheer volume of his filings.  Accordingly, I will deny his request for pro bono counsel at this time.

THEREFORE, IT IS ORDERED that plaintiff's motion to carry out execute all affidavits (Docket 22) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to cease harassment (Docket 23) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to deny AAG access to medical and psychological files (Docket 39) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to declare mistrial (Docket 40) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to suppress medical/psychological information (Docket 42) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's notice is commence discovery (Docket 43) is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss with prejudice in his favor with all costs awarded (Docket 50) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for injunction (Docket 64) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for injunction (Docket 66) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 69) is **DENIED**.

5

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a pro se guide,

Answers to Prisoner Litigations Common Questions, along with this Decision and Order.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2013.

s/ Lynn Adelman

_____

LYNN ADELMAN
District Judge