# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAINE J. WILLE,

    **Plaintiff,**

    v.                                          Case No. 13-CV-691

NICOLE NELSON and SGT. SCULLI,

    **Defendants.**

## DECISION AND ORDER

There are several motions pending, which will be addressed herein.

Plaintiff moves the court to enter default judgment against defendants for failure to provide discovery materials before February 28, 2014. (Docket 81.) He does not indicate what discovery materials defendants failed to provide. Even if he did, default judgment is not a proper remedy for failure to respond to a discovery request.

Plaintiff has filed a motion for sanctions under Federal Rule of Civil Procedure 11. (Docket 88.) He contend that defendants failed to conduct a reasonable inquiry before responding to paragraphs 6-12 of the amended complaint, in violation of Rules 8(b) and 11(b). However, defendants' response to those paragraphs fall within the framework set forth in Rule 8(b). See Answer ¶¶ 6-12.

Plaintiff has filed a renewed motion for appointment of counsel. (Docket 92.) He asserts that the jail-house lawyer who has been assisting him with this case will be transferred and unable to assist him and that plaintiff is dependent on his help. Plaintiff asserts he has a condition, ADHD, that severely disrupts his cognition and that he has no familiarity with the Federal Rules of Civil Procedure. He also filed a motion to supplement

factual complexity in regard to appointment of counsel. (Docket 93.) In this filing, plaintiff asserts that his case is legally complex based on the nature of his claims which further supports his request for counsel. I previously denied plaintiff's motions to appoint counsel on August 28, 2013 and December 13, 2013. Consistent with the reasoning in those orders, as well as plaintiff's numerous filings since he filed the instant motion, I find that he still may proceed on his own.

Plaintiff has filed a motion to extend the discovery deadline by 270 days. (Docket 95.) He asserts that he will be released from state custody on June 19, 2014, and wants to retain counsel at that time to obtain evidence that he is unable to obtain while in custody. Defendants do not oppose the motion and in response, they move to stay proceedings for about six months or until September 14, 2014, in order to give plaintiff time to retain counsel after his release. (Docket 113.) Although I would agree to stay this case pending plaintiff's release based on the parties' agreement to do so, since these motions were filed plaintiff has filed a request to schedule the case for trial and states that he is ready to respond to a summary judgment motion, see Docket 150. Additionally, defendants moved to extend the dispositive motion filing deadline until May 29, 2014, which I granted. I also note that plaintiff recently filed three new civil cases in the Eastern District of Wisconsin which brings the total number of cases he is litigating to five. It appears that plaintiff is ready to proceed with this case now and, therefore, I will not delay the case at this time.

Plaintiff has filed a motion to set a date for deposition so that he may depose defendants and other witnesses. (Docket 109.) However, the parties are expected to determine dates for depositions without court involvement, and unless one of the

circumstances in Federal Rule of Civil Procedure 30(a)(2) is present, a party does not need leave of court to take a deposition.

Plaintiff has filed a motion to compel discovery, titled complaint for injunctive relief. (Docket 111.) He seeks evidence regarding defendants and other individuals. However, plaintiff does not certify that he consulted with defendants first in an attempt to obtain the discovery prior to court intervention. See Fed. R. Civ. P. 37(a); Civil L.R. 37 (E.D. Wis.). Thus, his motion to compel is premature.

Plaintiff has filed another motion to compel discovery. (Docket 115.) By this motion, plaintiff seeks sanctions if defendants fail to comply with his discovery request. However, plaintiff does not indicate what specific discovery he seeks nor does he certify that he consulted with defendants before filing the motion to compel.

Plaintiff has filed a motion for reconsideration of his request for counsel. (Docket 116.) He asserts that he is unable to gather evidence due to his incarceration. However, the record reveals that plaintiff has sought and received extensive discovery from defendants. See Affidavit of Monica Burkert-Brist, Exhs. A-C, Docket 138. Therefore, and as set forth herein denying plaintiff's prior request for counsel, the motion will be denied.

Plaintiff has filed a motion for set deposition hearing for additional witness testimony. (Docket 118.) However, based on the foregoing denial of plaintiff's motion for deposition, this motion will be denied.

Plaintiff has filed a motion to enter sanctions against defendants for continued improper interrogatory answers and denials in violation of Rule 33(b). (Docket 122.) He does not identify any specific discovery requests nor does he certify that he consulted with defendants on the issue. Thus, the motion will be denied.

Plaintiff has filed a motion for reconsideration. (Docket 136.) He requests reconsideration to issue sanctions, contempt, and any other remedies the court deems appropriate to persuade defendants to conform and abide by the rules of discovery. Plaintiff asserts that defendants responded to discovery requests but failed to initial under oath that their answers were truthful. He does not reference any specific discovery request and he does not certify that he consulted with the defendants on this discovery matter. See Fed. R. Civ. P. 37(a).

Defendants have filed a motion to dismiss plaintiff's multiple motions, Docket Numbers 108, 109, 115, 118, 120, 122, 126, 127, 129, 130, and 135. (Docket 137.) Defendants contend that plaintiff has failed to make any attempt to resolve outstanding concerns about responses to his discovery requests prior to seeking relief from the court as required by Federal Rule of Civil Procedure 37(a) and Civil Local Rule 37. In addition, defendants set forth their responses to plaintiff's multiple discovery requests in this case. See Affidavit of Monica Burkert-Brist, Exhs. A-C. Based on the foregoing recitation and denial of plaintiff's discovery motions, I will grant defendants' motion.

Plaintiff has filed a motion for sanctions for defendants' denial of relevant discovery materials. (Docket 145.) However, plaintiff does not identify a specific discovery response that was inadequate. Moreover, he does not certify that he consulted with defendants in an attempt to resolve the issue before seeking court intervention. See Fed. R. Civ. P. 37(a); Civil L.R. 37 (E.D. Wis.).

Plaintiff has filed a motion in limine requesting the materials stated in his affidavit in support of this motion be struck from evidence. (Docket 148.) It is unclear why plaintiff filed the affidavit. In any event, it will not be considered by the court as requested.

4

Plaintiff has filed a motion barring summary judgment against plaintiff. (Docket 150.) He contends that defendants should not be permitted to file a motion for summary but that if they do, he will be prepared to respond. Plaintiff contends that his claims are legally valid and that defendants are not entitled to summary judgment because they have not met their burden of showing the absence of any genuine issue of material fact. He also requests that the court schedule this case for a jury trial. I will not bar defendants from filing a motion for summary judgment. Either party may file a dispositive motion before the May 29, 2014, deadline.[1]

Plaintiff has filed a motion to compel which is titled complaint for injunctive relief. (Docket 160.) He seeks production of Wisconsin Department of Justice and Wisconsin Department of Corrections records that he asked for in four prior discovery requests. However, plaintiff has not certified that he consulted with defendants prior to filing his motion to compel. See Fed. R. Civ. P. 37(a); Civil L.R. 37 (E.D. Wis.).

Plaintiff has filed motion to compel preparation of a Vaughn index. (Docket 161.) This motion also lacks the required Rule 37 certification.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for default judgment (Docket 81) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket 88) is **DENIED**.

---

[1] It is not clear whether plaintiff still seeks additional time for discovery. As recently as February 24, 2014, he filed a document proposing that the discovery deadline be extended until January 2015. However, in the instant motion, filed on March 5, 2014, he asserts that he is ready to respond to summary judgment and requests that the case be scheduled at this time. Because his latest filings indicate that he des not need additional time for discovery, I will not extend the discovery deadline at this time.

**IT IS FURTHER ORDERED** that plaintiff's renewed motion to appoint counsel (Docket 92) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement factual complexity (Docket 93) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend discovery deadline (Docket 95) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to set date for deposition (Docket 109) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery (Docket 111) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay proceedings (Docket 113) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery (Docket 115) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (Docket 116) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing (Docket 118) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket 122) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (Docket 136) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss plaintiff's multiple motions (Docket 137) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket 145) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion in limine (Docket 148) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to bar summary judgment motion (Docket 150) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery (Docket 160) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel preparation of a Vaughn Index (Docket 161) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge